# UNITED STATES COURT OF APPEALS
## FOR THE FOURTH CIRCUIT

UNITED STATES OF AMERICA,
          *Plaintiff-Appellee,*

v.

DADRIAN NEKEITH ROMAN, a/k/a
Keith Roman,
          *Defendant-Appellant.*

No. 01-4705

Appeal from the United States District Court
for the Western District of North Carolina, at Statesville.
Richard L. Voorhees, District Judge.
(CR-98-282-V)

Submitted: May 6, 2002

Decided: June 3, 2002

Before TRAXLER and KING, Circuit Judges, and
HAMILTON, Senior Circuit Judge.

---

Affirmed by unpublished per curiam opinion.

---

## COUNSEL

Alan C. Drew, Laurel, Maryland, for Appellant. Robert James Conrad, Jr., United States Attorney, Brian Lee Whisler, Assistant United States Attorney, Timika Shafeek, Assistant United States Attorney, Charlotte, North Carolina, for Appellee.

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

---

## OPINION

PER CURIAM:

Dadrian Nekeith Roman, with the assistance of appointed counsel, pled guilty pursuant to a written plea agreement to conspiracy to possess with intent to distribute cocaine and cocaine base, in violation of 21 U.S.C.A. §§ 841, 846 (West 1999 & Supp. 2001). The district court denied his motion to compel the Government to move for downward departure based on substantial assistance under *U.S. Sentencing Guidelines Manual* § 5K1.1 (2000), refused to grant a downward departure for Roman's minor role in the offense, and enhanced Roman's sentence two levels for possession of firearms under *U.S. Sentencing Guidelines Manual* § 2D1.1(b)(1) (2000). The district court sentenced Roman to 240 months' incarceration in compliance with *Apprendi v. New Jersey*, 530 U.S. 466 (2000), which was below the applicable guidelines range of 292 to 365 months.

Roman noted a timely appeal. Roman's attorney filed a brief in accordance with *Anders v. California*, 386 U.S. 738 (1967), contending the district court erred in failing to compel the Government to move for downward departure for his cooperation, failing to grant a downward departure based on his minor role in the offense, and accepting a two-level enhancement for possession of firearms.

A defendant may not appeal a district court's refusal to depart downward at sentencing unless the court's refusal was based on a mistaken view that it lacked the authority to depart. *United States v. Bayerle*, 898 F.2d 28, 31 (4th Cir. 1990). The district court recognized that it had the authority to depart, but declined to do so. Therefore, we will not review Roman's claim the district court erred in declining to depart downward. Furthermore, we find the district court did not clearly err in assigning a two-level enhancement because the record supports the finding the two firearms located in the vehicle Roman was operating were probably connected, rather than clearly improba-

bly connected, to the drug offense. *See* USSG § 2D1.1, comment. (n.3); *United States v. Harris*, 128 F.3d 850, 852 (4th Cir. 1997). Accordingly, we affirm the order of the district court.

As required by *Anders*, we have independently reviewed the entire record and all pertinent documents. We have considered all possible issues presented by this record and concluded that there are no non-frivolous grounds for this appeal. Pursuant to the plan adopted by the Fourth Circuit Judicial Council in implementation of the Criminal Justice Act of 1964, 18 U.S.C. § 3006A (1994), this court requires that counsel inform his client, in writing, of his right to petition the Supreme Court for further review. If requested by the client to do so, counsel should prepare a timely petition for writ of certiorari, unless counsel believes that such a petition would be frivolous. In that case, counsel may move in this court for leave to withdraw from representation. Counsel's motion must state that a copy thereof was served on the client.

Roman's conviction and sentence are affirmed. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

*AFFIRMED*